UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

MICHAEL S. TOMASZEWSKI,            Case No: 20-10203-CLB

                      Debtor.

## STIPULATION AND ORDER CONCERNING NON-DISCHARGEABLE DEBT OF BEVERLY STILES, DALE STILES, SUE AMES, ELEANOR MASON, DEBORAH GIBSON, RONALD GIBSON, JR., JOHN LANEY, DONALD SCHMIGEL, SUSAN SCHMIGEL AND NANCY PENDER

**WHEREAS,** Debtor Michael S. Tomaszewski ("Debtor") filed a voluntary petition pursuant to Title 11 U.S.C., seeking Chapter 11 Bankruptcy Relief on February 5, 2020.

**WHEREAS,** an order was entered converting the case to a Chapter 7 case on March 16, 2021.

**WHEREAS,** the Debtor owned, operated and served as the funeral director of Michael S. Tomaszewski Funeral and Cremation Chapel, LLC located in Batavia, New York. The Debtor was licensed and registered under New York law. The funeral home is no longer operating.

**WHEREAS,** under Section 453 of New York's General Business Law, a funeral home and a funeral director accepting a pre-need deposit is required to place the deposit into a segregated interest-bearing account bearing the name of the depositor client.

**WHEREAS,** the funeral home and funeral director (in this case the Debtor) was required to provide notice of the establishment of that account and periodic notice of the interest earned on the same to the depositor or depositors whose pre-need deposits were accepted.

**WHEREAS,** claimant Beverly Stiles filed a proof of claim for a pre-needs deposit in the amount of $12,000.00 (proof of claim #34).

**WHEREAS,** claimant Dale Stiles filed a proof of claim for a pre-needs deposit in the amount of $3,500.00 (proof of claim #35).

**WHEREAS,** claimant Sue Ames filed a proof of claim for a pre-needs deposit in the amount of $2,155.00 (proof of claim #36).

**WHEREAS,** claimant Eleanor Mason, by and through her executrix, Sue Ames, filed a proof of claim for a pre-needs deposit in the amount of $3,300.00 (proof of claim #37).

**WHEREAS,** claimant Deborah Gibson filed a proof of claim for a pre-needs deposit in the amount of $4,600.00 (proof of claim #38).

**WHEREAS,** claimant Ronald Gibson, Jr. filed a proof of claim for a pre-needs deposit in

the amount of $9,400.00 (proof of claim #39).

      **WHEREAS,** claimant John Laney filed a proof of claim for a pre-needs deposit in the amount of $3,900.00 (proof of claim #40).

      **WHEREAS,** claimant Donald Schmigel, through his power of attorney Susan Schmigel, filed an amended proof of claim for a pre-needs deposit in the amount of $800.00 (proof of claim #41-2).

      **WHEREAS,** claimant Susan Schmigel filed a proof of claim for a pre-needs deposit in the amount of $2,800.00 (proof of claim #42).

      **WHEREAS,** claimant Nancy Pender filed a proof of claim for a pre-needs deposit in the amount of $10,770.00 (proof of claim #47).

      **WHEREAS,** the first $3,025.00 of each of the respective unrefunded consumer deposit claims is entitled to priority status under section 507(a)(7) of the Bankruptcy Code.

      **WHEREAS,** each of the claimants above asserts that the debt owed to each of them is non-dischargeable under section 523(a)(4) of the Bankruptcy Code.

      **WHEREAS,** each of the claimants above asserts that the debt owed to each of them is non-dischargeable under section 523(a)(2) of the Bankruptcy Code.

      **WHEREAS,** each of the claimants above asserts that the debt owed to each of them is non-dischargeable under section 523(a)(6) of the Bankruptcy Code.

      **WHEREAS,** the Debtor is subject to a pending criminal proceeding.

      **NOW, THEREFORE,** Michael S. Tomaszewski and Hodgson Russ LLP on behalf of each claimant herein, by affixing their signatures to this Stipulation and Order, agrees that the Court may enter an Order directing that the indebtedness owed to each claimant is non-dischargeable in this matter pursuant to sections 523(a)(2), 523(a)(4) and 523(a)(6) of the Bankruptcy Code.

Dated: May 13, 2021

*Michael S. Tomaszewski*

Michael S. Tomaszewski

David Ealy, Counsel to the Debtor

Garry Graber, Esq.
Hodgson Russ LLP on behalf of
Claimants Beverly Stiles; Dale Stiles;
Sue Ames; Eleanor Mason, by and through
her executrix, Sue Ames; Deborah Gibson;
Ronald Gibson, Jr.; John Laney; Donald
Schmigel, through his power of attorney
Susan Schmigel; Susan Schmigel and Nancy
Pender

BASED UPON THE STIPULATION ABOVE, IT IS **SO ORDERED**,

1. that the debt owed to each of the claimants identified herein is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4) and 523(a)(6);

2. that the indebtedness of $12,000.00 owed to claimant Beverly Stiles is a pre-petition non-dischargeable debt in the amount of $12,000.00;

3. that the indebtedness of $3,500.00 owed to claimant Dale Stiles is a pre-petition non-dischargeable debt in the amount of $3,500.00;

4. that the indebtedness of $2,155.00 owed to claimant Sue Ames is a pre-petition non-dischargeable debt in the amount of $2,155.00;

5. that the indebtedness of $3,300.00 owed to claimant Eleanor Mason, by and through her executrix, Sue Ames, is a pre-petition non-dischargeable debt in the amount of $3,300.00;

6. that the indebtedness of $4,600.00 owed to claimant Deborah Gibson is a pre-petition non-dischargeable debt in the amount of $4,600.00;

7. that the indebtedness of $9,400.00 owed to claimant Ronald Gibson, Jr. is a pre-petition non-dischargeable debt in the amount of $9,400.00;

8. that the indebtedness of $3,900.00 owed to claimant John Laney is a pre-petition non-dischargeable debt in the amount of $3,900.00;

9. that the indebtedness of $800.00 owed to claimant Donald Schmigel, through his power of attorney Susan Schmigel, is a pre-petition non-dischargeable debt in the amount of $800.00;

10. that the indebtedness of $2,800.00 owed to claimant Susan Schmigel is a pre-petition non-dischargeable debt in the amount of $2,800.00; and

11. that the indebtedness of $10,770.00 owed to claimant Nancy Pender is a pre-petition non-dischargeable debt in the amount of $10,770.00.

 

Honorable Carl L. Bucki
U.S. Bankruptcy Judge

4