UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

**MICHAEL S. TOMASZEWSKI**   Case No. 20-10203-CLB

Debtor.

## STIPULATION AND ORDER CONCERNING NON-DISCHARGEABLE DEBT OF JAMES R. HOFMANN, JOSEPH FALKOWSKI, AND GARY VALLESE

**WHEREAS,** Debtor Michael S. Tomaszewski (:Debtor") filed a voluntary petition pursuant to Title 11 U.S.C., seeking Chapter 11 Bankruptcy Relief on February 5, 2020; and,

**WHEREAS,** an order was entered converting the case to a Chapter 7 case on March 16, 2021; and,

**WHEREAS,** the Debtor owner, operated and served as the funeral director of Michael S. Tomaszewski Funeral and Cremation Chapel, LLC located in Batavia, NY. The Debtor was licensed and registered under New York law The funeral home is no longer operation; and,

**WHEREAS,** under Section 453 of the New York General Business Law, a funeral home and a funeral director accepting a pre-need deposit is required to place the deposit in a segregated interest-bearing account bearing the name of the depositor client; and,

**WHEREAS,** the funeral home and the funeral director (in this case the Debtor) was required to provide notice of the establishment of that account and periodic notice of the interest earned on the same to the depositor or depositors whose pre-need deposits were accepted; and,

**WHEREAS,** claimant James R. Hofmann filed a proof of claim for a pre-needs account in the amount of $12,765.00; and,

**WHEREAS,** claimant Joseph Falkowski filed a proof of claim for a pre-needs account in the amount of $2,895; and,

**WHEREAS,** claimant Gary Vallese filed a proof of claim for a pre-needs account in the amount of $11,380.00; and,

**WHEREAS,** the first $3,025.00 of each of the respective unrefunded consumer deposit claims is entitled to priority status under Section 507(a)(7) of the Bankruptcy Code; and,

**WHEREAS,** each of the claimants above asserts that the debt owed to each of them is non-dischargeable under Section 523(a)(4) of the Bankruptcy Code; and,

**WHEREAS,** each of the claimants above asserts that the debt owed to each of them is non-dischargeable under Section 523(a)(2) of the Bankruptcy Code; and ,

**WHEREAS,** each of the claimants above assets that the debt owed to each of them is non-dischargeable under Section 523(a)(6) of the Bankruptcy Code; and,

**WHEREAS,** the Debtor is subject to a pending criminal proceeding and has plead guilty to several theft related felonies;

**NOW, THEREFORE,** Michael S. Tomaszewski and Center for Elder Law and Justice on behalf of each claimant herein, by affixing their signatures to this Stipulation and Order, agrees that the Court may enter an Order directing that the indebtedness owed to each claimant is non-dischargeable in this matter pursuant to Sections 523(a)(2), 523(a)(4) and 523(a)(6) of the Bankruptcy Code

Dated: June 24, 2021

_____
Michael S. Tomaszewski

David Ealy, Counsel to the Debtor

_____
David A. Shapiro, Esq

Center for Elder Law and Justice

On behalf of Creditors James R. Hoffman, Joseph Falkowski, and Gary Vallese

BASED UPON THE STIPULATION ABOVE, IT IS SO ORDERED,

1. That the debt owed to each of the claimants identified herein is non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2), 523(a)(4) and 523(a)(6);

2. That the indebtedness of $12,765.00 owed to claimant James R. Hofmann is a pre-petition, non-dischargeable debt in the amount of $12,765.00,

3. That the indebtedness of $2,895 owed to claimant Joseph Falkowski is a pre-petition, non-dischargeable debt in the amount of $2,895,

4. That the indebtedness of $11,380.00 owed to claimant Gary Vallese is a pre-petition, non-dischargeable debt in the amount of $11,380.00

DATED: JUL - 9 2021

Hon. Carl L. Bucki
United States Bankruptcy Judge



FILED JUL - 9 2021 BANKRUPTCY COURT BUFFALO, NY