UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

    MICHAEL S. TOMASZEWSKI                 Chapter 7
                                                                          Case no. 20-10203-CLB
                                   Debtor(s).

**CHAPTER 7 TRUSTEE'S RESPONSE TO MOTION TO ALLOW
LATE-FILED CLAIM BY RECEIVER FOR COMPLETE
BUSINESS SOLUTIONS GROUP, INC.**

       MARK J. SCHLANT, as Chapter 7 Trustee, by his attorneys Zdarsky, Sawicki & Agostinelli LLP, hereby respectfully represents:

       1.       He is the duly appointed, qualified and acting Chapter 7 Trustee herein.

       2.       This responds to the motion by Ryan K. Stumphauzer, as Receiver for Complete Business Solutions Group, Inc. ("CBSG") d/b/a Par Funding, for an order allowing him to file a proof of claim after the bar date has passed.

       3.       CBSG asserts that it has a claim against the Debtor in this case, based on the Debtor's personal guaranty of obligations of Acme Holdings of N.Y., Inc. ("Acme"), to which CBSG made a loan. The Debtor in this case, Michael Tomaszewski, is the sole owner of Acme.

**NOTICE OF THE BANKRUPTCY CASE**

       4.       The Trustee has reviewed the petition and mailing matrix in this case, and agrees that it appears to him that neither the Receiver nor CBSG was listed as a creditor so that the Clerk of the Court would have sent written notices directly to it, such as the notice of the commencement of the case or the notice of the bar date to file claims.

       5.       However, CBSG was listed as a creditor, and did receive notices from the outset, in the case of its actual borrower, Acme, which was filed as this Court's case number 20-10804-

CLB minutes after the instant case was filed. CBSG is listed as a creditor in that case, with an address of 22 N 3rd Street, Philadelphia, PA 19106, which appears to be at least one of CBSG's business addresses, as it appears on the UCC Financing Statement included in Exhibit A to CBSG's motion.

6. Michael S. Tomaszewski, the Debtor in this case, is the sole owner of Acme. Thus, he is an "affiliate" of Acme, as that term is defined in 11 U.S.C. §101(2)(A).

7. The Trustee submits that the relationship between Mr. Tomaszewski and Acme and the relationship between their cases resulted in CBSG receiving notice and having actual knowledge of Mr. Tomaszewski's case prior to the appointment of the Receiver. On March 17, 2020, at Document no. 28 in Acme's case and Document No. 31 in Mr. Tomaszewski's case, Acme and Mr. Tomaszewski jointly moved for joint administration of their respective cases. That motion is captioned and filed in both cases, refers to both cases and their commencement dates, and describes the relationship of the two debtors. The motion in Acme's case is accompanied by a certificate of service confirming that the motion was served on CBSG. Attached hereto and made part hereof as Exhibit A is a true copy of the motion as it was filed, with the certificate of service identifying CBSG as a recipient, in the Acme case.

8. Bankruptcy Code §502(b)(9) provides that a claim should be disallowed where "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure".

9. Section 726(a)(2)(C) provides that a claim which is filed late may be allowed as if timely filed if

2

> (i) the creditor that holds such claim did not have notice or actual knowledge *of the case* in time for filing a timely proof of such claim under section 501(a) of this title...

(Emphasis added.) This statute is clear. It requires that a claim be disallowed if, as here, the creditor had knowledge *of the case* in time to have filed a timely proof of claim. On July 27, 2021, the Clerk of the Court set October 25, 2021 as the bar date herein. CBSG had knowledge of this bankruptcy case not only before the bar date passed but before it was even established, having received the motion for joint administration in March 2020, which was also prior to the appointment of the Receiver.

10. Further, the Receiver's motion states that he was appointed on July 27, 2020, which also is several months after CBSG received notice of the motion for joint administration.

11. Thus the Trustee submits that CBSG and the Receiver, as its successor, are bound to the bar date by notice given to and actual knowledge possessed by CBSG.

12. Under the clear terms of the statute, the claim should be allowed as a late-filed claim only, and thus subordinated to timely filed claims.

13. Case law interpreting §726(a)(2)(C) also supports this outcome. In *Zidell, Inc. v. Forsch, (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428 (9th Cir. 1990), Zidell, Inc., like CBSG, was not listed as a creditor in the debtor's bankruptcy schedules, and thus did not receive the Court Clerk's notices of the case or the bar date. However, Zidell learned of the debtor's bankruptcy case by other means more than a month prior to the bar date for claims in the case. Nonetheless, it neither learned of the bar date nor attempted to file a proof of claim until several months after the bar date had passed. On these facts, the Ninth Circuit ruled, "Zidell had knowledge of the case in time to file a timely claim. Therefore the district court did not err in

3

denying Zidell's request for participation under §726." 920 F.2d at 1433. The Court also considered the legislative history of that statute and held, "The legislative history clearly indicates that if a creditor knows of the bankruptcy, it does not qualify for relief under §726." 920 F.2d at 1434.

14. Another similar fact pattern to that of the present case occurred in *Bucyrus Construction Products, Inc. v. McGregor (In re Ray Brooks Machinery Company, Inc.)*, 113 B.R. 56 (Bankr. M.D.Ala. 1989), aff'd, 113 B.R. 66 (M.D.Ala. 1989), aff'd, 898 F.2d 159 (11th Cir. 1990). (Although the creditor was found to have received sufficient formal notice from the Clerk, the Court also assumed for argument's sake that the creditor had not received such formal notice and analyzed the case as to whether other forms of informal notice were sufficient even without the formal notice.) In that case, the creditor sent an attorney to the first meeting of creditors and engaged in extensive negotiations with the Chapter 7 trustee over the liquidation of the debtor's assets prior to the bar date. The Court found that notice of the case received in that informal manner was sufficient to require the creditor to file a timely claim, and thus to bar its tardily filed claim. 113 B.R. at 63. In discussing this, the Court stated, "The notice (of the case) does not necessarily have to come from the court and does not have to contain all the information found in a court notice..." 113 B.R. at 63.

15. The Second Circuit does not appear to have had occasion to rule on the "notice of the case" language under §726 in a case like this one, but the same language is used in another Bankruptcy Code section which the Second Circuit has considered. Code §523(a)(3) states that a creditor's claim which would have been nondischargeable may not be discharged "unless such creditor had notice or actual knowledge of the case in time" to timely file an objection to the

4

debtor's discharge. The phrase "notice or actual knowledge of the case" is identical to the operative language of §726(a)(2)(C)(i). In *GAC Enterprises, Inc. v. Medaglia (In re Medaglia)*, 52 F.3d 451 (2nd Cir. 1995), the Court considered that language as used in §523(a)(3). In that case, the creditor claimed that its address was not listed correctly and that therefore it did not receive the Court's notice of the case. However, approximately two months before the bar date its attorney sent a letter to the debtor's attorney acknowledging that the creditor was aware of the debtor's bankruptcy filing but asserting that the creditor's claim against the debtor would not be subject to the discharge. 52 F.3d at 453. Despite such knowledge of the case, the creditor failed to file an objection to discharge before the deadline imposed by the Court for doing so. When it filed such an objection late, the objection was dismissed because the creditor could not satisfy §523(a)(3). The Court noted,

> Section 523(a)(3)(B) contemplates the situation of unlisted creditors who have timely, actual knowledge of a "case" but fail to receive official notice of the bar date. The section imposes a burden on such creditors to come forward before the bar date.

.
52 F.3d at 455. The Court found that there was no cognizable objection, on statutory construction or constitutional grounds, to the enforcement of the "notice or actual knowledge of the case" language so as to bar the creditor's claim as untimely where the creditor had notice of the case before the bar date.[1] *See also*, *Klaas v. Donovan (In re Donovan)*, 411 B.R. 756, 760 -

---

[1] The Trustee is aware of a decision, which is not binding in this jurisdiction, drawing a distinction between knowledge of a case filed under Chapter 11, and knowledge that the same case was thereafter converted to Chapter 7, describing the two phases of the case as different "cases". *Perry v. First Citizens Federal Credit Union*, 304 B.R. 14, 20 (D.Mass.2004), *aff'd*, 391 F.3d 282 (1st Cir. 2004). It is submitted that the distinction is neither pertinent nor legally valid, but the Trustee wishes to make the Court aware of the ruling. Pursuant to 11 U.S.C. §301 regarding commencement, and §348 regarding conversion, a case does not become a different case because it has been converted. A creditor learning of a case when it is filed under Chapter

5

761 (Bankr. S.D.Fl. 2009) (holding on the same basis that a creditor with knowledge of a bankruptcy case without formal notice of the deadline to object to discharge was nonetheless bound by the deadline to object).

16. The Trustee acknowledges that in contexts other than specific application of §726(a)(2)(C)(I) and §523(a)(3) knowledge of the case generally is an adequate substitute for formal notice of certain events. *See*, for example, *In re Arch Wireless*, 322 B.R. 241, 252 (Bankr.D.Mass. 2005), a case which dealt with a post-confirmation violation of the discharge injunction. However, that analysis would ignore the plain language of the statutes if applied in the context of claims bar dates and deadlines to object to discharge, and the Second Circuit has not reversed its position in *GAC Enterprises*.

17. Other courts have consistently ruled in similar cases that creditors with notice or actual knowledge of bankruptcy cases may not file claims after the bar date and share in the distribution with timely filed claims. In *In re Carlin Investment Company*, 158 B.R. 690, 693-694 (Bankr. N.D.Ohio 1993), a widow/executrix' claim on behalf of her deceased husband's estate was disallowed because notice was sent to her husband's address of record and the Court found that the executrix had actual knowledge of the bankruptcy case through litigation with the estate in an adversary proceeding within the bankruptcy case.

18. Further, creditors arguing that they did not effectively receive notice because

---

11, knowing that it had not received formal notice, is still faced with the same burden to place itself in the position to receive notices directly from the Court if it wishes to do so, regardless whether the case converts later. *See*, *e.g.*, *In re Simpkins*, 448 B.R. 84, 93 (Bkrtcy.N.D.Ga.2011), holding, "when Movant learned of the Debtors' bankruptcy case, it would have had reason to believe it was not on the creditor's list. This knowledge was sufficient to apprise Movant of the need to investigate and request addition to the creditors' list."

Case 1-20-10203-CLB, Doc 313, Filed 12/03/21, Entered 12/03/21 15:05:40, Description: Main Document , Page 6 of 9

notices were sent to particular departments or divisions of their organization which did not know how to handle them have been held to have been sufficiently notified of the case to be required to file their claims before the bar date. *See*, *e.g.*, *In re Glenwood Medical Group, Inc.*, 211 B.R. 282, 285-286 (Bankr. N.D.Ill. 1997).

19. In a case with a particular similarity to the position of the Receiver here, *In re Di Gate Ready-Mix Corp.*, 55 B.R. 116, 117 (Bankr. E.D.N.Y. 1985), a creditor's own bankruptcy trustee, who had no knowledge of the bar date, was barred from recovering on a tardily-filed claim because the creditor himself had notice of the case and the bar date which was charged to the trustee, even though his trustee did not have such notice himself. *See also*, *Klaas v. Donovan (In re Donovan)*, 411 B.R. 756, 761 - 762 (Bankr. S.D.Fl. 2009) (holding that a successor bankruptcy trustee for a creditor was bound to a deadline to file an objection to discharge by actual knowledge of the case by the creditor and by its original trustee). Thus, applying this authority in this case, the Receiver would be bound by the notice to and knowledge of CBSG.

## THE RECEIVERSHIP ORDER

20. The Receiver makes several arguments based on the Amended Order Appointing Receiver, attached to his papers, by which he was appointed (the "Receivership Order"). Clearly the Receivership Order was intended, in pertinent part, to afford the Receiver time to investigate the case and formulate courses of action without the threat of immediate and inconsistent deadlines.

21. The Trustee notes that the Receiver was appointed exactly one year before the bar date was even set. The Receiver was appointed on July 27, 2020, and the bar date was set on July 27, 2021. The bar date expired 15 months after the Receiver was appointed. The

7

Case 1-20-10203-CLB, Doc 313, Filed 12/03/21, Entered 12/03/21 15:05:40, Description: Main Document , Page 7 of 9

Receivership Order does not have a specific predetermined termination date, but the Receiver had a significant time to organize information and plan a course of action before the bar date.

22. In ¶23, the Receivership Order directs the Receiver to "promptly give notice of his appointment to all known ... creditors, debtors, ... of the Receivership Entities". The Trustee received no such notice. To the undersigned's knowledge, the Debtor received no such notice. The Receiver's papers do not represent that such notice was given.

23. The Receiver's argument that ¶32 of the order appointing him operated to toll the bar date is not clearly grounded, if grounded at all, in ¶32. That paragraph appears to be directed, albeit very broadly, at staying matters in litigation from proceeding. The Trustee submits that the establishment of a bar date in a bankruptcy case in which the Receiver or CBSG is a creditor is the type of matter covered by that paragraph. Certainly the Court which appointed the Receiver cannot stay this bankruptcy proceeding.

24. The Receiver also refers to the Receivership Order's bar, in ¶¶ 29 - 31, against interfering with his taking control of receivership assets, obstructing his performance of his duties, dissipating receivership assets, or interfering with or harassing him. The setting of a bar date did none of those things.

25. The undersigned has not found direct decisional authority as to the Receiver's argument that ¶32 of the order appointing him operated to toll the bar date. However, courts have found that 11 U.S.C. §108 does not stay the application of a deadline in one bankruptcy for the benefit of the debtor in another. *Klaas v. Donovan (In re Donovan)*, 411 B.R. 756, 763 - 764 (Bankr. S.D.Fl. 2009). Specifically, in *Donovan*, the Court found that the bankruptcy of a creditor did not toll the running of the creditor's bankruptcy trustee's deadline to object to

8

discharge in another debtor's case, specifically because the act which would have been time-barred, i.e., the filing of an objection to discharge, was itself not barred or stayed.

Dated: December 3, 2021
      Buffalo, New York

                              ZDARSKY, SAWICKI & AGOSTINELLI LLP
                              Attorneys for the Chapter 7 Trustee

                              s/ Mark J. Schlant
                              By: Mark J. Schlant
                              1600 Main Place Tower
                              350 Main Street
                              Buffalo, New York 14202
                              (716) 855-3200

9

Case 1-20-10203-CLB, Doc 313, Filed 12/03/21, Entered 12/03/21 15:05:40, Description: Main Document, Page 9 of 9