UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

_____

In re:

    MICHAEL S. TOMASZEWSKI                 Chapter 7
                                                                        Case no. 20-10203-CLB

                                 Debtor

_____

## APPLICATION TO APPROVE COMPROMISE

      MARK J. SCHLANT, as Chapter 7 Trustee (the "Trustee"), by his attorneys Zdarsky, Sawicki & Agostinelli LLP, hereby respectfully represents:

      1.     The Trustee is the duly appointed, qualified and acting successor Chapter 7 Trustee herein.

      2.     The Debtor filed a voluntary Chapter 11 petition on February 5, 2020. The case was converted to Chapter 7 on March 16, 2021.

      3.     A deadline to file proofs of claim was set as October 25, 2021.

      4.     On November 23, 2021, Ryan K. Stumphauzer, the Court-appointed Receiver for Complete Business Solutions Group, Inc. ("CBSG") (the "Receiver") filed a proof of claim in the amount of $281,811.89, and a motion (the "Motion") to allow it as a timely-filed claim, primarily on the grounds that a) CBSG and the Receiver did not receive notice of the bar date, and b) the Order appointing the Receiver contained provisions staying actions against assets of CBSG.

      5.     The claim is based on a personal guaranty by the Debtor of a debt owed to CBSG by Acme Holdings of N.Y., Inc. ("Acme"), a corporation owned by the Debtor which, itself, filed a Chapter 11 petition on February 5, 2020, under this Court's case number 20-10204-CLB. Acme has since confirmed a Chapter 11 plan of reorganization.

6. Based on the Trustee's review of the docket in the above-captioned case, the Trustee agrees that it appears that CBSG did not receive any notices issued by the Court or any party directly and solely on account of this case.

7. However, CBSG was scheduled as a creditor in Acme's case. Therefore, according to the records as to service on the Court docket in Acme's case, CBSG was served with a joint motion by Acme and the Debtor in this case for joint administration of the two cases (the "Joint Administration Motion"), which was captioned and filed in both cases and described the filing and pendency of both cases.

8. Bankruptcy Code §502(b)(9) provides that a claim should be disallowed where "proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure".

9. Section 726(a)(2)(C) provides that a claim which is filed late may be allowed as if timely filed if:

> (i) the creditor that holds such claim did not have notice or actual knowledge *of the case* in time for filing a timely proof of such claim under section 501(a) of this title...

(Emphasis added.)

10. Based on the foregoing, the Trustee opposed the Motion on the grounds that CBSG had at least notice if not actual knowledge of the Debtor's case when it received the Joint Administration Motion in March 2020, long before the bar date was set or the Receiver was appointed, and therefore that CBSG and the Receiver should be bound by the bar date.

11. In addition to the notice argument, the Receiver argued that under the Order by

2

which he was appointed as CBSG's Receiver, he could not be bound by the bar date, because actions such as the operation of a bar date would be treated as stayed, as against the Receivership. The Trustee has taken the position that the stay provisions of the Receiver's Order do not stay the application of general deadlines such as the claims bar date in this case.

12. Due to these opposing positions, the parties entered into negotiations and, subject to Court approval, agreed that the claim would be treated as a timely filed claim in half of the amount claimed, i.e., $140,905.95.

13. The Trustee submits that the foregoing settlement is in the best interests of the estate and creditors and other parties in interest in order to avoid the costs and risks of further litigation, and requests that the Court approve it.

**WHEREFORE**, the Trustee respectfully requests that the Court issue an Order approving the settlement described above, together with such other and further relief as the Court deems just and proper.

Dated: December 30, 2021
      Buffalo, New York

                                                Yours, etc.

                                                ZDARSKY, SAWICKI & AGOSTINELLI LLP
                                                Attorneys for the Chapter 7 Trustee

                                                s/ Mark J. Schlant
                                                By: Mark J. Schlant
                                                1600 Main Place Tower
                                                350 Main Street
                                                Buffalo, New York 14202
                                                (716) 855-3200